IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| JAMES CONNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Cause No: 4:16-cv-1539 |
| vs. | ) |
| | ) |
| W W INDUSTRIAL CORP., d/b/a | ) **JURY TRIAL REQUESTED** |
| SNIPER TREESTANDS, | ) |
| | ) |
| **Serve at:** | ) |
| Registered Agent | ) |
| 1680 N. Redding Avenue | ) |
| Windom, MN 56101 | ) |
| | ) |
| and | ) |
| | ) |
| MENARD, INC. | ) |
| | ) |
| **Serve at:** | ) |
| Registered Agent | ) |
| Corporation Service Company | ) |
| 8040 Excelsior Drive, Suite 400 | ) |
| Madison, WI 53717 | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

COMES NOW Plaintiff, James Conner, by and through his undersigned counsel, and for his petition against Defendants W W Industrial Corp., d/b/a Sniper Treestands, and Menard, Inc. states as follows:

### Common Allegations

1. Plaintiff James Conner ("**Plaintiff**" or "**Conner**") is an adult resident of the State of Missouri residing in St. Louis County.

2. Defendant W W Industrial Corp., d/b/a Sniper Treestands ("**Sniper**") is a foreign corporation organized and existing under the laws of the State of Minnesota with a principal place of business in Apple Valley, Minnesota, and at all times relevant herein was engaged in the design, manufacture, assembly and sale of deer hunting tree stands including in the State of Missouri.

3. Defendant Menard, Inc. ("**Menards**") is a foreign corporation organized and existing under the laws of the State of Wisconsin with a principal place of business in Eau Claire, Wisconsin, and at all times relevant herein was engaged in the business of selling deer hunting tree stands to persons such as Plaintiff in the State of Missouri.

4. Jurisdiction is proper pursuant to 28 U.S.C. §1332 in that there is complete diversity and the amount at issue exceeds $75,000.00.

5. Venue is proper in that the acts complained of and injuries sustained occurred in Oregon County, State of Missouri.

6. In or about 2013, Sniper designed, manufactured and delivered to a Menards store in St. Peters, Missouri, a certain Sniper tree stand known as an 18' Tracker two-person ladder stand Model STLS40 (the "**Tree Stand**") and that the Tree Stand was purchased by Plaintiff on or about November 7, 2013, from a Menards store in St. Peters, Missouri.

7. Sniper delivered the Tree Stand and other similar tree stands like it into the stream of commerce in expectation that it would be purchased in Missouri by Missouri residents such as Plaintiff by selling such tree stands to commercial dealers such as Menards, who in turn resells or otherwise distributes the tree stands to consumers such as Plaintiff in the ordinary course of business. Sniper knew or should have known that their tree stands would be delivered in the United States, including the State of Missouri, to persons such as Plaintiff.

8. Menards delivered Sniper tree stands, including the Tree Stand at issue in this lawsuit, into the stream of commerce in expectation that those tree stands would be purchased by Missouri residents such as Plaintiff when it operated a commercial business in St. Peters, Missouri and further engaged in selling such tree stands to residents of the State of Missouri, including Plaintiff.

9. On or about November 7, 2013, Menards knowingly sold the Tree Stand to Plaintiff at its store located in St. Peters, Missouri.

10. At the time Sniper designed, or otherwise had designed on its behalf, manufactured and otherwise sold the Tree Stand to Plaintiff, Sniper knew or should have known it user would operate the Tree Stand while hunting and climbing trees.

11. At the time Menards delivered or otherwise sold the Tree Stand to Plaintiff, Menards knew or should have known it user would operate the Tree Stand while hunting and climbing trees.

12. On or about November 16, 2013, Plaintiff used the Tree Stand for recreational deer hunting in Oregon County, Missouri.

13. At the time of its purchase by Plaintiff, the Tree Stand was in the same design and manufactured condition as it was at the time it left the possession and control of Sniper and it remained in that condition up to and including the time an accident occurred on November 16, 2013, in Oregon County, Missouri, while used by Plaintiff.

14. On or about November 16, 2013, Plaintiff was using the Tree Stand in its intended and foreseeable use and in conjunction with that use Plaintiff was on the Tree Stand.

15. While using and utilizing the Tree Stand for recreational deer hunting purposes, the Tree Stand buckled causing Plaintiff to fall and resulting in severe, painful and permanent injuries.

### Count I - Negligence

COMES NOW Plaintiff James Conner, by and through undersigned counsel, and for Count I of his Petition against Defendants W W Industrial Corp., d/b/a Sniper Treestands and Menard, Inc. states as follows:

16. Plaintiff realleges paragraphs 1 – 15 above and incorporates as if fully set forth herein.

17. Defendants had a duty to exercise ordinary care in the design, manufacture, sale, advertisement, and warnings accompanying the Tree Stand sold to and otherwise delivered to Plaintiff so as not to cause injury to Plaintiff.

18. Sniper breached or otherwise disregarded its duty by committing one or more of the following acts and/or omissions, which alone or in combination constitutes negligence:

    a. Failing to design or otherwise manufacture the Tree Stand in a manner to avoid or minimize the extreme risks to users of the Tree Stand when attempting to assemble the Tree Stand for use in the outdoors during recreational deer hunting;

    b. Failing to design or otherwise manufacture the Tree Stand with adequate materials that possess the strength required to give it adequate support to the occupant or user of the Tree Stand while it was being used in a foreseeable manner;

    c. Failing to warn of the dangerous condition and weakness of the Tree Stand or to warn users of the Tree Stand that it was made of inadequate or weak material and would bend, buckle or break during foreseeable use;

    d. Failing to provide adequate instructions as to the assembly of the Tree Stand;

    e. Failing to provide adequate warning of the danger of using the Tree Stand without first attaching and securing the adjustable support bar;

    f.      Failing to design or otherwise manufacture the Tree Stand in a manner that allows a person such as Plaintiff to attach and secure the adjustable support bar in the manner prescribed in the instructions while standing on the ground;

    g.      Failing to adequately test the Tree Stand for design defects;

    h.      Failing to investigate whether the Tree Stand is safe for use and the resultant inability to provide sufficient information about safe use to consumers, such as Plaintiff;

    i.      Sniper sold the Tree Stand in the course of its business; and/or

    j.      At the time of the sale of the Tree Stand it was then in a defective condition and unreasonably dangerous when put to its reasonably anticipated and intended use.

19.    Menards breached or otherwise disregarded its duty by committing one or more of the following acts and/or omissions, which alone or in combination constitutes negligence:

    a.      Failing to warn of the dangerous condition and weakness of the Tree Stand or to warn users of the Tree Stand that it was made of inadequate or weak material and would bend, buckle or break during foreseeable use;

    b.      Failing to provide adequate instructions as to the assembly of the Tree Stand;

    c.      Failing to provide adequate warning of the danger of using the Tree Stand without first attaching and securing the adjustable support bar;

    d.      Failing to investigate whether the Tree Stand is safe for use and the resultant inability to provide sufficient information about safe use to consumers, such as Plaintiff;

    e.      Menards sold the Tree Stand in the course of its business to Plaintiff; and/or

    f.      At the time of the sale of the Tree Stand it was then in a defective condition and unreasonably dangerous when put to its reasonably anticipated and intended use;

20.    As a direct and proximate result of the Defendants' negligence and placing the Tree Stand in the stream of commerce, Plaintiff was seriously injured in that he broke his left arm, sustained severe cuts and abrasions to his legs, and sustained other injuries to his body. Plaintiff also experienced great pain, suffering, and disability, will continue to experience future pain and suffering, has incurred medical bills in the past and is likely to incur medical bills in the

future, has lost wages and is likely to incur lost wages in the future, has been and will be hindered and prevented from attending to his usual duties and affairs of life, and has lost and will lose the value of that loss of capacity for the enjoyment of his life.

WHEREFORE, Plaintiff James Conner prays for judgment against Defendants W W Industrial Corp., d/b/a Sniper Treestands and Menard, Inc., jointly and severally, in excess of $75,000.00 plus costs and for such further relief this Court deems fair and just under the circumstances.

## Count II – Strict Liability

COMES NOW Plaintiff James Conner, by and through undersigned counsel, and for Count II of his Petition against Defendants W W Industrial Corp., d/b/a Sniper Treestands and Menard, Inc. states as follows:

21. Plaintiff realleges paragraphs 1 – 20 above and incorporates as if fully set forth herein.

22. The Tree Stand designed, manufactured, and sold by Sniper was in an unreasonably dangerous condition when it left Sniper's control in one or more of the following respects:

   a. Failing to design or otherwise manufacture the Tree Stand in a manner to avoid or minimize the extreme risks to users of the Tree Stand when attempting to assemble the Tree Stand for use in the outdoors during recreational deer hunting;

   b. Failing to design or otherwise manufacture the Tree Stand with adequate materials that possess the strength required to give it adequate support to the occupant or user of the Tree Stand while it was being used in a foreseeable manner;

   c. Failing to warn of the dangerous condition and weakness of the Tree Stand or to warn users of the Tree Stand that it was made of inadequate or weak material and would bend, buckle or break during foreseeable use;

   d. Failing to provide adequate instructions as to the assembly of the Tree Stand;

e. Failing to provide adequate warning of the danger of using the Tree Stand without first attaching and securing the adjustable support bar;

f. Failing to design or otherwise manufacture the Tree Stand in a manner that allows a person such as Plaintiff to attach and secure the adjustable support bar in the manner prescribed in the instructions while standing on the ground;

g. Failing to adequately test the Tree Stand for design defects;

h. Failing to investigate whether the Tree Stand is safe for use and the resultant inability to provide sufficient information about safe use to consumers, such as Plaintiff;

i. Sniper sold the Tree Stand in the course of its business; and/or

j. At the time of the sale of the Tree Stand it was then in a defective condition and unreasonably dangerous when put to its reasonably anticipated and intended use.

23. The Tree Stand placed in the stream of commerce by Menards was in an unreasonably dangerous condition when it left Sniper's control in one or more of the following respects:

a. Failing to design or otherwise manufacture the Tree Stand in a manner to avoid or minimize the extreme risks to users of the Tree Stand when attempting to assemble the Tree Stand for use in the outdoors during recreational deer hunting;

b. Failing to design or otherwise manufacture the Tree Stand with adequate materials that possess the strength required to give it adequate support to the occupant or user of the Tree Stand while it was being used in a foreseeable manner;

c. Failing to warn of the dangerous condition and weakness of the Tree Stand or to warn users of the Tree Stand that it was made of inadequate or weak material and would bend, buckle or break during foreseeable use;

d. Failing to provide adequate instructions as to the assembly of the Tree Stand;

e. Failing to provide adequate warning of the danger of using the Tree Stand without first attaching and securing the adjustable support bar;

f. Failing to design or otherwise manufacture the Tree Stand in a manner that allows a person such as Plaintiff to attach and secure the adjustable support bar in the manner prescribed in the instructions while standing on the ground;

    g.    Failing to adequately test the Tree Stand for design defects;

    h.    Failing to investigate whether the Tree Stand is safe for use and the resultant inability to provide sufficient information about safe use to consumers, such as Plaintiff;

    i.    Sniper sold the Tree Stand in the course of its business; and/or

    j.    At the time of the sale of the Tree Stand it was then in a defective condition and unreasonably dangerous when put to its reasonably anticipated and intended use.

24. As a direct and proximate result of the Defendants' negligence and placing the Tree Stand in the stream of commerce, Plaintiff was seriously injured in that he broke his left arm, sustained severe cuts and abrasions to his legs, and sustained other injuries to his body. Plaintiff also experienced great pain, suffering, and disability, will continue to experience future pain and suffering, has incurred medical bills in the past and is likely to incur medical bills in the future, has lost wages and is likely to incur lost wages in the future, has been and will be hindered and prevented from attending to his usual duties and affairs of life, and has lost and will lose the value of that loss of capacity for the enjoyment of his life.

WHEREFORE, Plaintiff James Conner prays for judgment against Defendants W W Industrial Corp., d/b/a Sniper Treestands and Menard, Inc., jointly and severally, in excess of $75,000.00 plus costs and for such further relief this Court deems fair and just under the circumstances.

### Count III – Missouri Merchandising Practices Act

COMES NOW Plaintiff James Conner, by and through undersigned counsel, and for Count III of his Petition against Defendants W W Industrial Corp., d/b/a Sniper Treestands and Menard, Inc. states as follows:

25. Plaintiff realleges paragraphs 1 – 24 above and incorporates as if fully set forth herein.

26. On or about November 7, 2013, Plaintiff purchased an 18' Tracker two-person ladder stand Model STLS40 (the "**Tree Stand**") from a Menards store in St. Peters, Missouri.

27. The Tree Stand was designed, manufactured and delivered to Menards by Defendant W W Industrial Corp., d/b/a Sniper Treestands.

28. The Tree Stand was purchased by Plaintiff for personal, family and household purposes, namely to go hunting with his son.

29. In connection with the sale of the Tree Stand, Defendants misrepresented the safety of the Tree Stand, did not disclose that it was defective or dangerous, and concealed, suppressed or omitted a material fact.

30. As a direct result of such conduct on the part of Defendants, Plaintiff sustained damages.

WHEREFORE, Plaintiff James Conner prays for judgment against Defendants W W Industrial Corp., d/b/a Sniper Treestands and Menard, Inc., jointly and severally, in excess of $75,000.00 plus punitive damages, attorneys' fees, costs and for such further relief this Court deems fair and just under the circumstances.

Respectfully submitted,

RYNEARSON SUESS SCHNURBUSCH
CHAMPION, LLC.

BY: /s/ Debbie S. Champion
Debbie S. Champion, #38637
David P. Renovitch #57065
500 North Broadway, Suite 1550
St. Louis, MO 63102
314-421-4430 / FAX: 314-421-4431
Email: dchampion@rssclaw.com
Email: drenovitch@rssclaw.com
*Attorneys for Plaintiff*