UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES CONNER, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 4:16CV1539 RLW |
| W W INDUSTRIAL CORP. d/b/a SNIPER TREESTANDS, | ) |
| and | ) |
| MENARD, INC., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Menard, Inc.'s Motion to Dismiss (ECF No. 6). This matter is fully briefed and ready for disposition.

## BACKGROUND[1]

On November 7, 2013, Defendant Menards, Inc. ("Menards") sold a tree stand (hereinafter "Tree Stand"), designed and manufactured by Defendant W W Industrial Corp. d/b/a Sniper Treestands ("Sniper"), to Plaintiff James Conner. On November 16, 2013, Plaintiff used the Tree Stand for deer hunting in Oregon County, Missouri. The Tree Stand buckled, causing Plaintiff to fall and suffer severe injuries.

On September 29, 2016, Plaintiff James Conner filed his Complaint. (ECF No. 10). Plaintiff alleges claims against Menards and Sniper for negligence (Count I), for strict liability

---

[1] When ruling on a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss for failure to state a claim, the Court must take as true the alleged facts and determine whether they are sufficient to raise more than a speculative right to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

(Count II), and under the Missouri Merchandising Practices Act (Count III).

## DISCUSSION

Under Missouri statute, a "defendant whose liability is based solely on his status as a seller in the stream of commerce may be dismissed from a products liability claim" if "another defendant, including the manufacturer, is properly before the court and from whom total recovery may be had for plaintiff's claim." Mo. Rev. Stat. §537.762.1-.2. Menards argues that it should be dismissed from this action pursuant to this Missouri statute. Menards argues that Plaintiff's claim against Menards is based solely on Menards' status as a seller in the stream of commerce. Menards asserts Plaintiff may obtain total recovery for his claims from co-Defendant Sniper, which manufactured the Tree Stand.

In response, Plaintiff argues that, although there is another defendant (Sniper) in this action, at this stage of the litigation is it unclear whether Sniper can provide a total recovery for Plaintiff's claim. (ECF No. 14). That is, the record has not been developed regarding what defenses Sniper "might raise, whether it is sufficiently insured, or whether it has sufficient assets for Plaintiff's total recovery." (ECF No. 14, ¶6). Plaintiff further contends that Section 537.762 is procedural in nature and does not apply to cases in federal court (ECF No. 14, ¶7 (citing *Drake v. N. Am. Phillips Corp.*, 204 F. Supp. 2d 1204, 1206 (E.D. Mo. 2002)). Finally, Plaintiff asserts that dismissal is improper at this stage of the litigation because discovery may establish that Menards is not a "mere innocent seller in the stream of commerce." (ECF No. 14, ¶8).

The Court holds that dismissal is premature at this stage of the litigation. As an initial matter, the Court agrees that Section 537.762 "is a procedural, rather than substantive rule, and it does not apply in federal court." *Stanger v. Smith & Nephew, Inc.*, No. 4:04CV839HEA, 2005 WL 2333892, at *1 (E.D. Mo. Sept. 21, 2005); *Drake*, 204 F. Supp. 2d 1204, 1206. Moreover, even if Section 537.762 were applicable, the Court holds that dismissal is not appropriate at this point.

Based upon the pleadings, the Court cannot hold as a matter of law that Sniper can provide a total recovery for Plaintiff's claim.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Menard, Inc.'s Motion to Dismiss (ECF No. 6) is **DENIED**.

Dated this 9th day of February, 2017.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**